IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Alden E. Crase, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00507 |
| v. | : | |
| Shasta Beverages, Inc., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# Opinion and Order

Plaintiff Alden E. Crase brings this action against defendants Shasta Beverages, Inc., National Beverage Corp., Monte Hale, Nicholas Inboden, and John Does 1-25 asserting claims for breach of contract, violations of Ohio Revised Code §§ 4112.99 and 4113.51, fraud, misrepresentation, and promissory estoppel. This matter is before the Court on plaintiff Crase's July 2, 2010 motion to remand (doc. 9).

## I.      Allegations in the Complaint

The complaint makes the following allegations. Plaintiff Alden Crase worked for defendant Shasta Beverages, Inc. ("Shasta") from January 1969 until defendants unlawfully terminated his employment on January 25, 2010. Crase was a Production Supervisor and acting Inventory Control and Customer Service Supervisor at Shasta's Obetz Plant. Defendants' stated that Crase's employment was terminated for his unauthorized removal of a piece of safety equipment from the plant. Shasta breached a written agreement to afford Crase an opportunity to explain his conduct and to apply

principles of fairness and dignity when terminating him for violation of work place rules or for disciplinary reasons. (Complaint, ¶¶ 13, 27-29 and 32.)

The first claim pleaded is for breach of contract. (Complaint, ¶¶ 35-49.) It alleges that Crase's employment was wrongfully terminated and that defendants Shasta and Hale "failed to comply with the promises, representations and agreements it made with" Crase. (Complaint, ¶¶ 36-38.)

The second claim pleaded is for age discrimination in violation of Ohio Revised Code § 4112.99. (Complaint, ¶¶ 50-60.) Crase was 61 years old at the time of his employment. His supervisors had told him that his long tenure at Shasta was a detriment and that employee fringe benefit costs at the plant were a corporate concern. The medical benefits Crase and his wife received were a concern. (Complaint, ¶¶ 10 and 15-18.) The paragraphs labeled an age discrimination claim further allege that Crase "was singled out and terminated because of"

- "the large amount of life insurance coverage he carried." (Complaint, ¶ 58.)

- "Mr. and Mrs. Crase's declining and problematic health conditions." (Complaint, ¶ 59.)

- "the cost required to support their medical care and maintain their medical insurance." (Complaint, ¶ 60.)

The complaint also pleads claims for violation of public policy and Ohio Revised Code § 4113.51 and for fraud, misrepresentation and promissory estoppel.

II.     **Arguments of the Parties**

A.      **Plaintiff**

Plaintiff argues that his claims are not preempted by the Employee Retirement Income Security Act of 1975 ("ERISA") because a claim for wrongful termination damages derived in part from the value of lost benefits does not bring a claim within ERISA's preemptive force. Plaintiff maintains that he does not allege any violations of his ERISA rights and that the mere fact that the loss of benefits is a portion of damages that he incurred does not permit removal of the action. Plaintiff does not seek to recover benefits due or to clarify his rights to future benefits under the terms of the plan.  As a result, plaintiff maintains that there is no federal question arising from his claims.

Plaintiff also argues that plaintiff did not fraudulently join defendants Hale and Inboden because he has a colorable cause of action against each of these defendants. Plaintiff maintains that Hale and Inboden were plaintiff's superiors and involved in this termination. Hale was the plant manager at the time of Crase's termination, and Inboden was the safety supervisor. According to plaintiff, both Hale and Inboden aided and abetted in the wrongful termination. Hale and Inboden were agents of the company and acting in the scope of their employment, and their actions violated section 4112.02 of the Ohio Revised Code. Plaintiff argues that it is defendants' burden to demonstrate fraudulent joinder, and any doubts are resolved against removal.

Plaintiff further argues that defendants' removal was procedurally improper. The civil action cover sheet indicated that plaintiff lived in Franklin County rather than

3

Fairfield County. The notice of removal indicated that the venue was Dayton, rather than Columbus. Because of these errors, plaintiff maintains that he was not provided proper notice of the removal.

### B.    Defendants

Defendants argue that the real nature of plaintiff's claims is federal, regardless of how plaintiff has characterized them. Defendants maintain that plaintiff has specifically alleged that he was terminated because of his use of employee benefit plans maintained by defendants. Plaintiff's motion to remand does not comport with his allegations in the complaint. According to defendants, plaintiff has asserted a claim that falls under ERISA, and Congress has specifically conferred federal question jurisdiction for ERISA claims. Defendant maintains that the specific harms that plaintiff alleges resulted from the breaches focus on his loss of benefits under the employer-sponsored benefit plans, including health, accidental death and dismemberment, long-term disability, and life insurance benefits. As a result, defendant contends that his complaint alleges a right to the recovery of the benefits due to him under the employee benefit plans in which he participated.

Defendants also argue that plaintiff fraudulently joined defendants Inboden and Hale to defeat diversity jurisdiction. According to defendants, this Court also has original jurisdiction over this action because there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000.

4

Defendants maintain that Hale and Inboden were joined simply to defeat jurisdiction because there is no colorable cause of action against either of them. Despite the general rule that supervisors and managers are accountable for their own discriminatory conduct in the workplace, individual liability only extends to an individual's own actions.  Here, neither Hale or Inboden played a direct role in plaintiff's termination. Liability does not extend to co-workers under Chapter 4112 of the Ohio Revised Code. Inboden held the same position as plaintiff, and he was his co-worker, not his supervisor. Defendants further argue that even for a supervisor, there is no individual liability for aiding and abetting in the wrongful termination of another.  Under Ohio law, a supervisor can be held liable only for his own discriminatory decision. Hale did not make the decision to terminate Crase.

Defendants further argue that the errors made on defendant's notice of removal are not material and do defeat this Court's original jurisdiction.

## III.    Discussion

### A.    Federal Question Jurisdiction

The usual rule is that a plaintiff is the master of his complaint and may artfully plead solely state law claims even though he has federal claims he chooses not to assert. *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936). But Congress has the power to so completely preempt a particular area of law that lawsuits arising under state law becomes federal in character. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). The United States Supreme Court has held that Congress's intent in enacting ERISA was to

completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41 (1987). ERISA preempts state law and state law claims that "relate to" any employee benefit plan. 29 U.S.C. § 1144(a). The phrase "relate to" is given broad meaning, and a state law cause of action is preempted if "it has connection with or reference to that plan." *Metropolitan Life Insurance, Co. v. Mass.*, 471 U.S. 724, 730 (1985). State law claims are preempted whether or not they were designed or intended to relate to an ERISA plan. *Cromwell v. Equicor-Equitable HCA, Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).

The complaint alleges claims for breach of contract, age discrimination in violation of Ohio Revised Code § 4112.99, violation of public policy under Ohio Revised Code § 4113.51, and fraud, misrepresentation, and promissory estoppel.

In *Warner v. Ford Motor Company*, 46 F.3d 531 (1995), the Sixth Circuit considered whether the ERISA preemption provisions converted a state cause of action for age discrimination into a federal action for removal purposes. "[I]n order to come within the exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan, as provided in [29 U.S.C.] § 1132(a)(1)(B)." *Id.* at 534. Specifically, the Sixth Circuit held that the employee's state age discrimination case was not removable:

When we look past the complaint before us, the plaintiff's cause of action or basic claim has none of the characteristics of a § 1132(a)(1)(B) action to enforce the ERISA agreement. This action claims that the defendant-employer threatened to discharge the plaintiff because of his age unless he took early retirement. It is a straight state age discrimination case which has no counterpart or superseding cause of action in ERISA. It is an action to set aside and escape from the early retirement agreement, not to recover under it or to "enforce" it or to assert "rights to future benefits under the terms of the plan." In his complaint, plaintiff tendered back amounts heretofore received by him under the early retirement plan. No cause of action created by ERISA may fairly be read to supersede this age discrimination claim, and there is no claim that hostile state courts will somehow subvert enforcement of ERISA in such cases.

*Id.*

Plaintiff alleges that defendants discriminated against him on the basis of his age. He specifically alleges that he was singled out on the basis of age and that he was replaced by a substantially younger person. Compl. ¶¶ 54-56. The complaint also alleges that he was terminated because of the number of years of service that he had performed and because of the large amount of life insurance that he carried. *Id.* at ¶¶ 57-58. It is further alleged that he was terminated because of the declining health of Crase and his wife and the costs associated with their medical care and maintaining their medical insurance. *Id.* at ¶¶ 59-60. These allegations were apparently made to support the assertion that Crase's age motivated defendants to terminate his employment. As plaintiff points out, there is no prayer for relief based on ERISA retaliation or other actionable deprivation of ERISA benefits. The relief sought is entirely consistent with the complaint being read to plead only an age claim and not any claim based on an ERISA violation. Although defendants argue that plaintiff's

7

claim for age discrimination falls within the scope of ERISA preemption because he claims that he was discharged him to avoid paying for the costs of his benefits, in light of the Sixth Circuit's decision in *Warner*, ERISA does not displace his state age discrimination claim.

With respect to plaintiff's breach of contract claim, the complaint alleges that Crase was wrongfully terminated and that defendants failed to comply with the promises, representations, and agreements they made with Crase. *Id.* at ¶¶ 36-37. The nature of those alleged breach of promises, representations, and agreements is not apparent from plaintiff's complaint. Defendants rely on *Peters v. Lincoln Electric Company*, 285 F.3d 456 (6th Cir. 2002) where the Sixth Circuit found that a complaint that did not specifically detail the promises allegedly breached was still preempted by ERISA and removable to federal court. In *Peters*, however, the Sixth Circuit held that a deposition could constitute an "other paper" for purposes of 28 U.S.C. § 1446(b).[1] The plaintiff's deposition testimony clarified his allegations in complaint and demonstrated that he was not simply seeking damages incident to his wrongful separation from the company.  *Peters*, 285 F.3d at 466-67. Instead, Peters was "seeking to clarify his right to

---

[1]Section 1446(b) provides in relevant part:
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable. . . .

28 U.S.C.A. § 1446

future benefits," and his claim for breach of promises was completely preempted under ERISA. *Id.* at 468. The Sixth Circuit differentiated between attempting to recover benefits due to him under the plan and a wrongful discharge claim where a plaintiff's incident damages award merely includes a loss of benefits under an ERISA-based plan. *Id.* (citing *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir. 1988)).

Plaintiff maintains that he is not seeking "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" pursuant to 29 U.S.C. § 1132(a)(1)(B). Defendants contend, however, that Crase is seeking to vindicate his rights under 29 U.S.C. § 1140, which provides in pertinent part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C.A. § 301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140. In *Kalo v. Moen Incorporated*, 93 F. Supp. 2d. 869 (N.D. Oh. 2000), the court adopted the reasoning of the Third Circuit and concluded that if a claim contains allegations that the employer terminated a person based only on a "benefits-defeating motive," then the claim is preempted by ERISA 29 U.S.C. §§ 1140 and 1132(a). *Id.* at 875; *Wood v. Prudential Ons. Co. of America*, 207 F.3d 674 (3rd Cir. 2000). Here, is it is simply not clear from the allegations in the complaint whether or not plaintiff is attempting to

vindicate his rights under section 1140 or whether, as plaintiff maintains, he is simply including a loss of benefits under an ERISA-based plan as part of his damages. As a result, defendants have failed to meet their burden of showing that plaintiff's claim is preempted by ERISA.

Plaintiff also asserts a claim for violation of Ohio public policy and section 4113.52 of the Ohio Revised Code.[2] The complaint asserts that in September 2008, Crase began receiving insurance reimbursement checks from United Healthcare Insurance Company ("UHIC"). The checks were payable to Crase for "Medicare Adjustment" on behalf of his wife. Neither Crase nor his wife were enrolled in or receiving Medicare Part B at that time. Mrs. Crase contacted UHIC and the Social Security Administration to inform that she was not entitled to the reimbursement checks. Mrs. Crase also informed Tomanio, an employee of Shasta, of the reimbursement checks and her lack of Medicare coverage. Tomanio informed Mrs. Chase that the checks were paid as the result of an overage in Shasta's healthcare fund. Mrs. Chase communicated to Tomanio that the checks were not proper. The complaint alleges that defendants placed Mrs. Chase on Medicare Part B without her knowledge or approval. Plaintiff and his wife reported what they believed to be violations of federal law to defendants and the Social Security Administration. Romanio was aware of their report. Defendants terminated plaintiff in part because he reported what he perceived to be violations of federal and

---

[2]The complaint alleges violations of section 4113.51 of the Ohio Revised Code. That provision provides statutory definitions. Presumably, plaintiff intends to assert violations of section 4113.52 of the Ohio Revised Code instead.

state laws.  Compl. ¶¶ 62-78. Defendants have not argued that these claims are

preempted by ERISA.

### B. Diversity Jurisdiction

Section 1441(b) of title 28 of the United States Codes provides:

> Any civil action of which the districts courts have original jurisdiction
> founded on a claim or right arising under the Constitution, treaties or laws
> of the United States shall be removable without regard to the citizenship
> or residence of the parties. Any other such action shall be removable only
> if none of the parties in interest properly joined and served as defendants
> is a citizen of the State in which such action is brought.

28U.S.C. § 1441(b). Defendants argue that Hale and Inboden are not "parties in interest

properly joined. . . as defendants." If defendants Hale and Inboden were not properly

joined, complete diversity exists, and defendants had a right to remove this case to

federal court based upon diversity of citizenship. Defendants maintain that plaintiff

fraudulently joined Hale and Inboden as defendants to defeat diversity of citizenship.

As the removing party, defendants bears the burden of establishing federal jurisdiction.

*Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir.1993). The removing party also

bears the burden of demonstrating fraudulent joinder. *Her Majesty the Queen in Right of*

*the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir.1989). The Court is also

mindful that removal statutes are strictly construed. *Wilson v. U.S. Dept. of Agriculture*,

584 F.2d 137, 142 (6th Cir.1978). According to the Sixth Circuit, a defendant has not been

fraudulently joined

> unless it be clear that there can be no recovery under the law of the
> state on the cause alleged or on the facts in view of the law. . . . One

11

> or the other at least would be required before it could be said that
> there was no real intention to get a joint judgment, and that there
> was no colorable ground for so claiming.
>
> *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir.
> 1968). Therefore "the question is whether there is arguably a reasonable
> basis for predicting that the state law might impose liability on the facts
> involved." *Id.* That same circuit restated the question as whether there was
> any "reasonable basis for predicting that [the plaintiff] could prevail."
> *Teddler v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979).

*Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948 -949 (6th Cir. 1994).

Defendants argue that plaintiff has failed to state colorable claims against Hale and Inboden because supervisors and managers are accountable only for their own discriminatory conduct in the workplace. Individual liability extends only to an individual's own actions. According to defendants, Hale could only be liable under Ohio law if he had made the decision to terminate plaintiff.

Under Ohio law, it is an unlawful discriminatory practice

> [f]or any person to aid, abet, incite, compel, or coerce the doing of any act
> declared by this section to be an unlawful discriminatory practice, to
> obstruct or prevent any person from complying with this chapter or any
> order issued under it, or to attempt directly or indirectly to commit any
> act declared by this section to be an unlawful discriminatory practice.

Ohio Rev. Code § 4112.02(J). The complaint alleges that Hale expressed the sentiment that the cost of Crase's benefits was a concern to the corporation. Compl. at ¶¶ 16-18. On January 14, 2010, Hale asked Crase if he had removed a piece of equipment from the plant, but he did not permit Crase to provide an explanation for the equipment was removed. *Id.* at ¶¶ 21-22. On January 25, 2010, Tomanio informed Crase that he was being terminated for removing a piece of equipment without authorization. *Id.* at ¶ 27.

12

Crase was not permitted the opportunity to explain why he had borrowed equipment from the plant. The complaint also asserts claims for fraud, misrepresentation, and promissory estoppel. It alleges that defendants intentionally and falsely represented to Crase that he would be entitled to an investigation for violations prior to being disciplined and that he would be provided an opportunity to explain his actions prior to any disciplinary action. *Id*. at ¶¶ 80 & 82. The complaint asserts that defendants did not fully investigate the situation leading to Crase's termination. *Id*. at ¶ 83.

Defendants maintain that Crase has no colorable claim against Hale and Inboden. Plaintiff filed an affidavit in support of his motion to remand. *See* doc. 17. In his affidavit, Crase maintains that Inboden had supervisory authority over him in his role as the plant's safety coordinator. Crase also asserts that prior to entering the plant to retrieve the oxygen unit, Hale provided Crase with a key to the plant, the passcode to the plant security systems, and permission to enter the plant. Crase attempted to notify Inboden prior to entering the plant. He notified Inboden when the equipment was returned and offered to pay for any servicing that was required. Inboden indicated that Crase should not worry about it.

As previously noted, it is the burden of the removing party to demonstrate fraudulent joinder, and any doubts are resolved against removal. *Alexander v. Electronic Data Sys. Corp.*. 13 F.3d 940, 948 (6th Cir. 1994). Here, defendants have not met their burden. Ohio law recognizes a claim for "aiding and abetting" discrimination. The

13

allegations in the complaint concern the actions of the individual defendants and their refusal to provide Crase with an opportunity to explain his conduct to avoid dismissal.

**IV.    Conclusion**

For the reasons stated above, plaintiff Crase's July 2, 2010 motion to remand (doc. 9) is GRANTED. This action is hereby REMANDED to the Common Pleas Court for Franklin County, Ohio.


                                        s/ Mark R. Abel
                                        United States Magistrate Judge