IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Alden E. Crase, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00507 |
| v. | : | |
| Shasta Beverages, Inc., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# Order

Plaintiff Alden E. Crase brings this action against defendants Shasta Beverages, Inc., National Beverage Corp., Monte Hale, Nicholas Inboden, and John Does 1-25 asserting claims for breach of contract, violations of Ohio Revised Code §§ 4112.99 and 4113.51, fraud, misrepresentation, and promissory estoppel. This matter is before the Court on plaintiff Crase's October 14, 2010 motions for reconsideration and for attorney fees (docs. 23 & 24) and defendants' November 4, 2010 motion for reconsideration (doc. 25).

**I.    Allegations in the Complaint**

The complaint makes the following allegations. Plaintiff Alden Crase worked for defendant Shasta Beverages, Inc. ("Shasta") from January 1969 until defendants unlawfully terminated his employment on January 25, 2010. Crase was a Production Supervisor and acting Inventory Control and Customer Service Supervisor at Shasta's Obetz Plant. Defendants stated that Crase's employment was terminated for his

unauthorized removal of a piece of safety equipment from the plant. Shasta breached a written agreement to afford Crase an opportunity to explain his conduct and to apply principles of fairness and dignity when terminating him for violation of work place rules or for disciplinary reasons. (Complaint, ¶¶ 13, 27-29 and 32.)

The first claim pleaded is for breach of contract. (Complaint, ¶¶ 35-49.) It alleges that Crase's employment was wrongfully terminated and that defendants Shasta and Hale "failed to comply with the promises, representations and agreements it made with" Crase. (Complaint, ¶¶ 36-38.)

The second claim pleaded is for age discrimination in violation of Ohio Revised Code § 4112.99. (Complaint, ¶¶ 50-60.) Crase was 61 years old at the time of his employment. His supervisors had told him that his long tenure at Shasta was a detriment and that employee fringe benefit costs at the plant were a corporate concern. The medical benefits Crase and his wife received were a concern. (Complaint, ¶¶ 10 and 15-18.) The paragraphs labeled an age discrimination claim further allege that Crase "was singled out and terminated because of"

- "the large amount of life insurance coverage he carried." (Complaint, ¶ 58.)
- "Mr. and Mrs. Crase's declining and problematic health conditions." (Complaint, ¶ 59.)
- "the cost required to support their medical care and maintain their medical insurance." (Complaint, ¶ 60.)

2

The complaint also pleads claims for violation of public policy and Ohio Revised Code § 4113.51 and for fraud, misrepresentation and promissory estoppel.

## II. Arguments of the Parties

### A. Plaintiff

Plaintiff argues that he is entitled to reasonable attorney fees and costs because the defendants' removal lacked an objective reasonable basis and was improper. Plaintiff maintains that defendants' removal of this action from state court was devoid of fair support, and removal was pursued simply to impose costs and delay litigation. Plaintiff was forced to expend significant amounts of time and resources to overcome the wrongful removal, and fairness and equity require an award of fees and costs.

### B. Defendants

Defendants asks the Court to reconsider its decision that plaintiff's age discrimination claim is not preempted by ERISA thereby providing the court with federal question jurisdiction. Defendants maintain that Crase expressly alleges that defendants discriminated against him based on his and his wife's use of Shasta's employer-sponsored benefit plans. Defendants argue that the factual allegations underlying his age discrimination claim are not the proper basis for an age discrimination claim and that the allegations in the complaint fall within ERISA's protection against interference with benefits as delineated in §§ 1132 and 1140. Defendants argue that the ADEA does not prohibit an employer from making an employment decision on the basis of higher salaries, increased benefits, or claims for

medical expenses even though these characteristics are often correlated with age. Courts have repeatedly held that termination of an employee to save on medical expenses may violate ERISA, but it does not constitute actionable age discrimination.

Defendants also urge the Court to deny Crase's motions for attorney fees and costs because defendants had objectively reasonable and fairly supportive bases for removal as required by 28 U.S.C. § 1447(c). When district courts are deciding whether to award fees, they should consider that "the removal statute grants defendants a right to a federal forum" and that "there is no reason to suppose that Congress meant to confer a right to remove, while at the same time discourage its exercise in all but obvious cases." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137-140 (2005).

### III. Discussion

#### A. Defendants' Motion to Reconsider

Defendants' primary argument is based on the fact that plaintiff's allegations are not actionable under the statute barring age discrimination. Whether or not this is true, defendants still failed to meet their burden of showing that plaintiff's claim is preempted by ERISA.

The usual rule is that a plaintiff is the master of his complaint and may artfully plead solely state law claims even though he has federal claims he chooses not to assert. *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936).  Congress has the power to so completely preempt a particular area of law that lawsuits arising under state law becomes federal in character. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). The

4

United States Supreme Court has held that Congress's intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41 (1987).  ERISA preempts state law and state law claims that "relate to" any employee benefit plan.  29 U.S.C. § 1144(a). The phrase "relate to" is given broad meaning, and a state law cause of action is preempted if "it has connection with or reference to that plan." *Metropolitan Life Insurance, Co.  v.  Mass.*, 471 U.S. 724, 730 (1985).  State law claims are preempted whether or not they were designed or intended to relate to an ERISA plan.  *Cromwell v.  Equicor-Equitable HCA, Corp.*, 944 F.2d 1272, 1276 (6th Cir.  1991).

    The complaint alleges claims for breach of contract, age discrimination in violation of Ohio Revised Code § 4112.99, violation of public policy under Ohio Revised Code § 4113.51, and fraud, misrepresentation, and promissory estoppel. Plaintiff alleges that defendants discriminated against him on the basis of his age. He specifically alleges that he was singled out on the basis of age and that he was replaced by a substantially younger person. Compl. ¶¶ 54-56. The complaint also alleges that he was terminated because of the number of years of service that he had performed and because of the large amount of life insurance that he carried. *Id*. at ¶¶ 57-58. It is further alleged that he was terminated because of the declining health of Crase and his wife and the costs associated with their medical care and maintaining their medical insurance. *Id*. at ¶¶ 59-60. These allegations were apparently made to support the assertion that Crase's age motivated defendants to terminate his employment. As plaintiff points out, there is no

5

prayer for relief based on ERISA retaliation or other actionable deprivation of ERISA benefits. The relief sought is entirely consistent with the complaint being read to plead only an age claim and not any claim based on an ERISA violation. Although defendants argue that plaintiff's claim for age discrimination falls within the scope of ERISA preemption because he claims that he was discharged him to avoid paying for the costs of his benefits, in light of the Sixth Circuit's decision in *Warner v. Ford Motor Company*, 46 F.3d 531 (1995), ERISA does not displace his state age discrimination claim.

With respect to plaintiff's breach of contract claim, the complaint alleges that Crase was wrongfully terminated and that defendants failed to comply with the promises, representations, and agreements they made with Crase. *Id.* at ¶¶ 36-37. The nature of those alleged breach of promises, representations, and agreements is not apparent from plaintiff's complaint. The Sixth Circuit has differentiated between attempting to recover benefits due to him under the plan and a wrongful discharge claim where a plaintiff's incident damages award merely includes a loss of benefits under an ERISA-based plan. *Peters v. Lincoln Electric Company*, 285 F.3d 456, 468 (6th Cir. 2002)(citing *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir. 1988)).

Plaintiff maintains that he is not seeking "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" pursuant to 29 U.S.C. § 1132(a)(1)(B). Defendants contend, however, that Crase is seeking to vindicate his rights under 29 U.S.C. § 1140, which provides in pertinent part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C.A. § 301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140. In *Kalo v. Moen Incorporated*, 93 F. Supp. 2d. 869 (N.D. Oh. 2000), the court adopted the reasoning of the Third Circuit and concluded that if a claim contains allegations that the employer terminated a person based only on a "benefits-defeating motive," then the claim is preempted by ERISA, 29 U.S.C. §§ 1140 and 1132(a). *Id.* at 875; *Wood v. Prudential Ons. Co. of America*, 207 F.3d 674 (3rd Cir. 2000). Here, is it is simply not clear from the allegations in the complaint whether or not plaintiff is attempting to vindicate his rights under section 1140 or whether, as plaintiff maintains, he is simply including a loss of benefits under an ERISA-based plan as part of his damages. As a result, defendants have failed to meet their burden of showing that plaintiff's claim is preempted by ERISA.

Defendants also argue that this court has subject matter jurisdiction on the basis of diversity. Section 1441(b) of title 28 of the United States Codes provides:

> Any civil action of which the districts courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28U.S.C. § 1441(b). Defendants argue that Hale and Inboden are not properly joined as defendants and that plaintiff fraudulently joined them as defendants to defeat diversity of citizenship. As the removing party, defendants bears the burden of establishing federal jurisdiction. *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir.1993). The removing party also bears the burden of demonstrating fraudulent joinder. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir.1989).

According to the Sixth Circuit, a defendant has not been fraudulently joined unless it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948 -949 (6th Cir. 1994). Under Ohio law, it is an unlawful discriminatory practice

> [f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

Ohio Rev. Code § 4112.02(J). The complaint alleges that Hale expressed the sentiment that the cost of Crase's benefits was a concern to the corporation. Compl. at ¶¶ 16-18. On January 14, 2010, Hale asked Crase if he had removed a piece of equipment from the plant, but he did not permit Crase to provide an explanation for the equipment was removed. *Id.* at ¶¶ 21-22. On January 25, 2010, Tomanio informed Crase that he was being terminated for removing a piece of equipment without authorization. *Id.* at ¶ 27. Crase was not permitted the opportunity to explain why he had borrowed equipment

8

from the plant. The complaint also asserts claims for fraud, misrepresentation, and promissory estoppel. It alleges that defendants intentionally and falsely represented to Crase that he would be entitled to an investigation for violations prior to being disciplined and that he would be provided an opportunity to explain his actions prior to any disciplinary action. *Id.* at ¶¶ 80 & 82. The complaint asserts that defendants did not fully investigate the situation leading to Crase's termination. *Id.* at ¶ 83. Because Ohio law recognizes a claim for "aiding and abetting" discrimination, it is not clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.

### B. Plaintiff's Motion for Attorney Fees and Costs

Section 1447(c) of title 28 of the United States Code states that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney fees is within the discretion of the trial court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). Courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Id.* at 132 ("Conversely, when an objectively reasonable basis exists, fees should be denied."). Here, defendants' removal of this case was objectively reasonable. This was a close case, and, as the Court previously noted, it is simply not clear from the allegations in the complaint whether or not plaintiff is attempting to vindicate his rights under section 1140 or whether, as plaintiff maintains, he is simply including a loss of benefits under

an ERISA-based plan as part of his damages. Because the burden of demonstrating subject matter jurisdictions falls to the removing party, this case should be remanded. Defendants' position, however, was objectively reasonable under the circumstances.

**IV.    Conclusion**

For the reasons stated above, plaintiff Crase's October 14, 2010 motions for reconsideration and for attorney fees (docs. 23 & 24) are DENIED  and defendants' November 4, 2010 motion for reconsideration (doc. 25) is DENIED.

s/ Mark R. Abel
United States Magistrate Judge